McDONALD *v.* MILLER.

TAXATION—SALE FOR UNPAID TAXES—STATUTES.

    That an application to purchase State tax lands was received at the auditor general's office, during the progress of a tax sale at the county treasurer's office, does not avoid the sale, which was consummated by the auditor general after the conclusion of the public sale and the report thereof by the county treasurer, showing that no individual had purchased the land.   1 Comp. Laws, §§ 3960-3962.

Appeal from Bay; Collins, J. Submitted April 22, 1910. (Docket No. 72.) Decided July 14, 1910.

Bill by Mary McDonald against Archie T. Miller and James B. Bradley, auditor general, to set aside a sale of land delinquent for taxes. From a decree dismissing the bill but reserving the right to obtain a reconveyance under sections 3960–3962, 1 Comp. Laws, defendants appeal. Affirmed.

*James Donnelly* (*Gilbert W. Hand*, of counsel), for complainant.

*John E. Bird*, Attorney General, and *J. Shurly Kennary*, Assistant Attorney General (*George L. Hauser*, of counsel), for defendant Auditor General.

*Brown & Farley*, for defendant Miller.

OSTRANDER, J. The court below dismissed the bill of complaint, reserving in the decree the right of the complainant to obtain a reconveyance of the land under the provisions of sections 141–143 of the general tax law (1 Comp. Laws, §§ 3960–3962) within 30 days after the final determination of the cause.

The complainant is the owner of certain premises which were returned delinquent for the taxes for the years 1904, 1905, and 1906, and in due course decrees passed to the auditor general for the sale of the land for the taxes of the years 1904 and 1905, and it was offered for sale in May, 1907, for the taxes of 1904. There being no purchaser, it was bid to the State. It was not redeemed, and in May, 1908, was again offered for sale for the taxes of 1905, and again bid to the State. The annual tax sale in the year 1908 was begun at the county treasurer's office on May 5th and was continued to and including May 21st, on which day the county treasurer prepared and filed his report of the said annual tax sale. May 15, 1908, the defendant Miller applied to the auditor general to purchase the State's interest in the property, and he deposited with

the auditor general the amount of money necessary to purchase from the State for the taxes of 1904 and 1905, and also sufficient money to pay the taxes which had been assessed against the property for the year 1906. Interest was computed upon the taxes to and including the said month of May. Later the auditor general issued his deed to defendant Miller, who, in July, 1908, gave the required notice to complainant, who claims that the service of the notice upon her was the first information she had that the land had been delinquent for taxes and had been sold. On the 17th of August, 1908, she applied to the auditor general for a cancellation of the sale to Miller and asked to be permitted to pay all the taxes unpaid against the land, with interest and charges thereon up to and including the month of August, 1908, and she tendered to the auditor general a sufficient sum of money. Among the reasons asserted for such cancellation is the one now relied upon, which is that the application of Miller was received during the progress of the annual tax sale in the county and was made void by the provisions of sections 70 and 84 (1 Comp. Laws, §§ 3893, 3907) of the general tax law. The auditor general refused her demand, stating that he did not sell the land during the continuance of the county treasurer's sale, but held the application of defendant Miller and his money until the county treasurer reported the land unsold at said tax sales, after receiving which report he consummated the sale to Miller and issued his deed. She thereupon filed her bill in this cause, in which she charges that the sale to defendant Miller is void because made contrary to the provisions of sections 70 and 84 of the general tax law, and prays for a decree canceling and setting aside the sale and the tax deed issued pursuant thereto, and permitting her to pay and discharge the said delinquent taxes. The defendants answered, but at the hearing produced no testimony.

While counsel for the defendants have discussed the right of the complainant to maintain this suit, we consider only the question whether the mere fact that the defend-

ant applied to purchase this land and deposited his money with the auditor general, during the time the tax sales were in progress in the county of Bay, rendered the sale to defendant Miller void. It is true that the answer of the auditor general in which he alleges that the sale was not consummated until he had received the report of the county treasurer, which showed that no person had bid for this land at the sale conducted by the county treasurer, is not evidence of the fact. It is also true that the deed issued to defendant Miller was not in evidence, and the exact date thereof is not proven. It is also true that the complainant has not shown that the sale was consummated before the 21st of May. It is charged in the bill of complaint, upon information and belief, that the State deed to Miller was issued on June 10, 1908. This is admitted by the answers of the auditor general and Miller. There is no reason to doubt the proper performance of official duty by the auditor general, and if we assume, as his answer states, and as we think we should do, that he merely delayed or held in abeyance the application of defendant Miller until such time as it appeared that there had been no bidder at the county treasurer's sale, and then treated the application as a continuing and valid one, no reason is perceived for holding that the sale was void, or even irregular. We are not required to say that the auditor general is bound to return all applications and all money made at his office during the progress of the various tax sales in the county. As between two persons applying to purchase the same land, one of whom made a bid at the county treasurer's sale and the other at the auditor general's office, there seems to be no question that the bid made at the county treasurer's office would be accepted and the bidder awarded the land. No question of priority is involved here.

Counsel for complainant have called attention to various decisions of this court, in which it is held that the duties of the auditor general in issuing deeds are ministerial, and that the rights of an intending purchaser attach

at the time he makes his application and deposits the proper amount of money. Those decisions have no application. They are cases where either the right of priority between individuals was in question, or the effect of a statute or amendment to a statute taking effect later than the date of the application was considered.

The decree is affirmed, with costs.

HOOKER, MOORE, BLAIR, and STONE, JJ., concurred.